# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DALE EDWARD BYRD,                                                                                              PLAINTIFF
ADC # 136124

v.                                                    4:15CV00195-JM-JJV

SALINE COUNTY
DETENTION FACILITY; *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Dale Edward Byrd ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 2). He alleges that Defendants violated his constitutional rights by denying him adequate access to a law library and by charging him for meals during his incarceration. (*Id*. at 4-5.) After review of Plaintiff's Complaint, the Court finds that he has failed to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing

*pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

Plaintiff alleges that while incarcerated in the Saline County Detention Facility, he was not provided with access to a law library in order to contest his parole violation or pending misdemeanor charges. (Doc. No. 2 at 4-5.) He also alleges that his constitutional rights were violated when his jailers at the facility charged him for his meals. (*Id.* at 5.)

#### A.   Defendant Saline County Detention Facility

As a preliminary matter, Plaintiff's claims against the detention facility itself must be dismissed. It is settled law that departments of local government are not suable entities under section 1983. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992). Accordingly, Plaintiff's claims will be evaluated only with respect to Sheriff Bruce Pennington.

#### B.   Inadequate Access to a Law Library

In order to state an actionable claim for inadequate access to legal materials, an inmate must allege some actual injury caused by that deprivation. *Lewis v. Casey*, 518 U.S. 343, 348-349 (1996). Here, Plaintiff alleges that he was unable to "perfect a meaningful defense" or make himself "aware of proper procedures" due to the lack of a law library. (Doc. No. 2 at 4.) These allegations are too

vague to state an actual injury. *See Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) ("To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims."). Moreover, Plaintiff indicates he is still awaiting trial on his misdemeanor charges and has been transferred to the Arkansas Department of Correction Omega Center. (Doc. No. 2 at 3.) Accordingly, he may avail himself of the legal materials there.

### C. Meal Charges

Plaintiff's allegation that he was charged for meals fails to state a constitutional claim. Notably, he does not claim that he was ever unable to pay these charges or denied meals on that basis. Courts have held that, where jails charge inmates for medical care, constitutional violations arise only where a claimant is denied care because of his inability to pay. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (a county's policy of requiring inmates to pay for their medications, to the extent they could afford to do so, was constitutional); *Cannon v. Mason*, 340 F. App'x 495, 499 n.3 (10th Cir. 2009) ("[A]n Eighth Amendment violation concerning medical charges only occurs if prison officials deny an inmate medical treatment due to a lack of funds or condition the provision of needed medical services upon an inmate's ability to pay . . . ."). The Court concludes that the same rationale applies to meal charges. Plaintiff has not alleged that he was actually denied meals or adequate nutrition because of inability to pay. Therefore, this claim should be dismissed.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 9th day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."